(17 Misc. Rep. 185)

## In re MURRAY.

(Supreme Court, Special Term, Kings County. May, 1896.)

CIVIL SERVICE—DAY WORKMEN.

The fact that the salary of a bridge tender, payable monthly, is a certain sum per day, does not make him a mere day workman, so as to deprive him of the benefit of Laws 1892, c. 577, protecting veterans of the late war from dismissal from the civil service of the state except for cause.

Application by Edward Murray for a peremptory writ of mandamus for reinstatement to the position of assistant keeper of the Blissville bridge. Granted.

James D. Bell, for the motion.

W. G. Cooke and F. H. Van Vechten, opposed.

GAYNOR, J. The weak point in the general civil service law of the state is that, though positions may be filled only from eligible lists, the appointing officers may remove at pleasure. But, in the case of veterans of the late war, there are separate statutes making them irremovable in some cases, except for cause shown after a

hearing. The petitioner was appointed to the position of assistant keeper of the Blissville bridge by the boards of supervisors of Kings and Queens counties in 1882, and served as such until his recent removal. He is an honorably discharged veteran of the late war, and by chapter 119 of the Laws of 1888, as amended by chapter 577 of the Laws of 1892, was irremovable, except for cause shown after a hearing. He was nevertheless discharged without cause or hearing. I see no excuse for it. The board of aldermen of Brooklyn succeeded to the duty of the board of supervisors in the premises, but the right of the petitioner to his place did not cease by that fact. That the veteran act (chapter 716, Laws 1894) does not embrace counties counts for nothing. Neither did the acts, chapter 312 of the Laws of 1884, and chapter 464 of the Laws of 1887, which it amends and supersedes. But the said act of 1892 does, and applies to the petitioner's case. I think it would be straining the case to say that the petitioner was only a day workman, and therefore not protected by the said act of 1892, which covers only salaried positions. He was appointed to a position which is continuous, and not to do days' work. The fact that his salary was two dollars a day, payable monthly, did not make him a mere day workman. The number of applications like this which veterans have to make to the courts is remarkable. The veterans of the late war are even already grown so comparatively few in number as no longer to be a political factor, but the smaller their number grows the more sacredly the laws in their favor ought to be observed. In a few years more none, or very few, of them will be here. Let a peremptory writ issue.

Ordered accordingly.